### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CR-22-410-SLP |
| ) | |
| PLES EDWARD THOMAS, JR., ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

Before the Court is Defendant's pro se Motion [Doc. No. 60] pursuant to which he seeks a sentence reduction. Defendant cites 18 U.S.C. § 3582(c)(1)(A) in support of his Motion. He states that he "was placed on an ankle monitor for 2 years while also staying in constant contact with [his] probation officer" and that he wants his sentence to be reduced by the "2 years completed on an ankle monitor off my current sentence." Mot. at 1.

A review of the record demonstrates that Defendant pled guilty to drug conspiracy, in violation of 21 U.S.C. § 846 and felon in possession of firearms, in violation of 18 U.S.C. § 922(g). *See* Doc. Nos. 21-23. On February 1, 2024, the Court sentenced Defendant to 42 months imprisonment on each charge, with the sentences to run concurrently. Doc. Nos. 49, 50-51. Defendant is currently incarcerated at Fort Worth FMC in Fort Worth, Texas, with a projected release date of February 26, 2027.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court

except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Defendant's Motion does not fit within any of those limited circumstances, which are listed in 18 U.S.C. § 3582(c). He does not seek compassionate release, *see id*. § 3582(c)(1)(A), he does not request a reduction based on a sentencing range that was subsequently lowered, *see id*. § 3582(c)(2), and he does not move for relief that is available in Rule 35 of the Federal Rules of Criminal Procedure. *See id*. § 3582(c)(1)(B).

Although Defendant does not cite 18 U.S.C. § 3585(b) as a basis for relief, the Court similarly lacks authority to reduce Defendant's sentence under that provision. Section 3585 (b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). But the calculation of any applicable credit is not within the authority of the district court. *See United States v. Wilson*, 503 U.S. 329, 333 (1992). "Rather, credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing." *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994). Here, as in *Jenkins*, this Court is without jurisdiction to award any sentence credit "for time spent in in-home detention." *Id*. at 1143-44.

Defendant's remedy for any miscalculation of his sentence must first be addressed through the Bureau of Prison's four-step administrative review process. *See* 28 C.F.R. §§ 542.10-542.19; *see also Wilson*, 503 U.S. at 335; *Jenkins*, 38 F.3d at1144 ("Defendant must bring his request for sentence credit to the Bureau of Prisons in the first instance and

thereafter seek judicial review of the Bureau's determination."). If, after pursuing and exhausting administrative remedies, Defendant remains dissatisfied, then he may file a petition for judicial review, under 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief[.]"). A § 2241 petition must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). As set forth above, Defendant is incarcerated at Fort Worth FMC in Fort Worth, Texas, in the Northern District of Texas. The Western District of Oklahoma is not Defendant's district of confinement.[1]

For all the reasons set forth, the Court lacks jurisdiction over this matter. Accordingly, Defendant's pro se Motion [Doc. No. 60] is DISMISSED.

IT IS SO ORDERED this 21st day of November, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to transfer the Motion to the correct district. *See Haugh v. Booker*, 210 F.3d 1147, 1149–51 (10th Cir. 2000) (district court should take a "quick look at the merits" before deciding whether to transfer the case under 28 U.S.C. § 1631 or dismiss the petition outright). Defendant does not seek relief pursuant to § 2241 and there is no indication in the record that Defendant has attempted to exhaust administrative remedies through the Bureau of Prisons in the first instance.